```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                  SOUTH BEND DIVISION
```

OTHA LEON GILES, JR.,        )
                             )
Petitioner,                  )
                             )
vs.                          )    NO. 3:12-CV-332
                             )
SUPERINTENDENT,              )
                             )
Respondent.                  )

## OPINION AND ORDER

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Otha Leon Giles, Jr., a *pro se* prisoner, challenging a disciplinary proceeding. (DE # 1). For the reasons set forth below, the petition (DE # 1) is **DENIED**.

BACKGROUND

In RDC 12-30-0019, Giles was found guilty of assaulting a staff member in violation of disciplinary rule A-117. The charge was initiated on March 25, 2012, when Sergeant C. Callihan wrote a conduct report stating as follows:

> On 3-25-2012 at approximately 0610 hours, I Sgt. C. Callihan, was assisting with morning feed in the North Pod Dining Hall when offender Giles, Otha #161024 became loud over his tray. As I approached the offender he stated that his biscuit was molded. I looked at the food in question and there was nothing wrong with it and told the offender the same. He became very loud and agitated so I told him to take his tray and go back to his cell. The offender remained seated so I ordered him again to

> return his tray and go back to his cell. The offender
> stood up and threw his tray. As the tray was coming
> toward me I blocked it with my hand and told the offender
> to cuff up. The offender immediately submitted to
> restraints and was escorted out of the dining hall by
> Ofc. Hanley and myself. When departing the dining hall I
> noticed that several offenders had food and milk all over
> them. When the offender was taken to medical for his pre-
> segregation health screen he was still uncooperative with
> Custody and Medical staff. The offender was escorted to
> his new housing assignment on pre-disciplinary
> segregation. After the offender was secured in the cell
> I got the cut on my finger cleaned and dressed by on duty
> medical staff then departed the facility for outside
> treatment for the injury.

(DE # 14-1 at 1.) Photographs were taken of the injury to Sergeant Callihan's hand. (DE # 14-2 at 1-2.)

Officers D. Brinker and N. Hanley submitted "use of physical force" reports of the incident, describing how they escorted Giles from the dining hall. (DE # 14-1 at 2-3.) According to their account, as they helped Giles up from the chair, he "went limp resisting us." (*Id.* at 2.) He was then carried down the hall to the medical unit, where he "refused to comply with questions asked by medical staff." (*Id.*) He was later taken to his cell without incident. (*Id.*)

Giles was notified of the charge and given a copy of the conduct report. (DE # 14-3.) He pled not guilty, declined the assistance of a lay advocate, requested that Offender D. Connell provide a witness statement, and did not request any physical evidence. (*Id.*) The screening officer attempted to obtain a statement from Offender Connell, but his report states, "Offender

Connell, D. 993869 refused to write anything down. He said he doesn't remember of any [sic] incident." (DE # 14-5.)

On March 26, 2012, a hearing officer conducted a hearing on the charge. (DE # 14-6.) Giles made the following statement: "I do admit I was defiant. The Sgt. and I got in a tug of war over the trey and the trey ended up on the Sgt. I do take psych. meds." (*Id.*) Based on staff reports, the offender's statement, and the photographs, the hearing officer found Giles guilty and revoked earned time credits, demoted him to a lower credit-earning class, and imposed other sanctions. (*Id.*) Giles appealed, but his appeals were denied. (DE # 14-7 at 1-2.) Thereafter, he filed this petition.

DISCUSSION

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the

3

hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Giles raises four claims in his petition. (DE # 1 at 4-6.) The first three are essentially a challenge to the sufficiency of the evidence. (*Id.* at 4-5.) Giles admits that he was "very angry" and "defiant" during this incident, using "vulgar language" and "ignoring any order from anyone." (*Id.* at 4.) However, he asserts that he did not throw the tray, and instead Sergeant Callihan pulled it out of his hands. (*Id.* at 4-5.) He believes there was insufficient evidence that he threw the tray to find him guilty of assault. (*Id.*)

The "some evidence" test is not an exacting standard. In determining the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Court will overturn a guilty finding based on insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the

evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, there is sufficient evidence to support the hearing officer's determination, including the conduct report and the photos of Sergeant Callihan's hand.[1] *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report provided some evidence to support disciplinary determination). The hearing officer was not required to credit Giles's denials, nor was she required to establish his guilt beyond a reasonable doubt. *Moffat*, 288 F.3d at 981. The question is simply whether there is some evidence in the record to support the hearing officer's determination, and that standard is satisfied. Accordingly, claims one through three are denied.

Giles's remaining claim is that he was denied access to a surveillance video from the dining hall, which would have shown that he did not throw the tray. (DE # 1 at 5.) He also asserts that the tray should have been produced as evidence, because in his view it would have been impossible for the tray "to cut a human being," given its "dullness and bulkiness." (*Id.* at 6.)

---

[1] Along with his traverse, Giles submits a statement from Officer Hanley attesting that he witnessed Giles throw the tray at Sergeant Callihan. (DE # 22-1.) This document was not submitted by the respondent as part of the administrative record, and it is unclear whether it was considered by the hearing officer. It nevertheless provides additional evidence of Giles's guilt.

5

The respondent argues that this claim is defaulted because Giles failed to raise it in the administrative review process. (DE # 14 at 7.) Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark,* 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. An inmate's failure to properly exhaust his claims in the state administrative process precludes a federal court from reviewing those claims on the merits. *Id.; Moffat*, 288 F.3d at 982.

In his traverse, Giles asserts that he did in fact raise this claim in his appeal, when he made the following statement, "I feel that the punishment is very unjust because no one bothered to look at the video." (DE # 22 at 2.) The document Giles points to in support of this argument is hand-written and virtually illegible. (*See id.;* DE # 14-7 at 1.) Even giving Giles the benefit of the doubt that this sentence was included in his appeal, it does not alert the reviewing authority that Giles requested the video from the hearing officer and was denied access to it in violation of his due process rights. Instead, it merely expresses Giles's view that the video ought to have been reviewed by someone. This statement also does not reference the tray at all. Indeed, Giles acknowledges

6

in his petition that he did not make a request for the tray during the hearing or appeal process. (DE # 1 at 6.) Under these circumstances, the Court agrees that his claim is defaulted.

Even if the claim could be reached on the merits, it would not entitle Giles to federal habeas relief. A prisoner has a limited right to call witnesses and present documentary evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). The denial of the right to present evidence will be considered harmless unless the prisoner can show that the evidence could have aided his defense. *Jones v. Cross*, 637 F.3d 841, 847-48 (7th Cir. 2011); *Piggie*, 342 F.3d at 666.

Here, Giles states that he wanted the video and tray produced as evidence, but there is no indication from the record that he requested such evidence during the hearing process. He cannot fault the hearing officer for failing to consider evidence he did not timely request. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) (if an inmate fails to request exculpatory evidence "either before or at the hearing, then the CAB could not have denied him due process by not considering the request"); *McPherson*, 188 F.3d at 786 (observing that due process does not require "the consideration of evidence that could have been but was not

7

presented at the hearing"). Giles apparently made a formal request for the video in August 2012, but this was a full five months after the hearing was over. (DE # 14-9 at 1.) Based on the record, Giles has failed to establish a violation of his due process rights and, accordingly, this claim is denied.

CONCLUSION

For the reasons set forth above, the petition (DE # 1) is **DENIED**.

DATED:  March 26, 2013  /s/RUDY LOZANO, Judge
United States District Court

8